UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:16-cr-00056-GFVT-EBA-4 |
| | ) | Related Civil No. 6:19-cv-00260-GFVT-EBA |
| v. | ) | |
| | ) | |
| JOSEPH MONEY, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendant. | ) | **ORDER** |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Edward B. Atkins. [R. 415.] The Defendant, Joseph Money, has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [R. 330.] Consistent with local practice, Judge Atkins reviewed the motion and ultimately recommends that the Court deny Mr. Money's § 2255 motion in its entirety.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive de novo review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and

wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

After requesting an extension of time [R. 416], which was granted [R. 417], Mr. Money filed objections to Judge Atkins's Recommended Disposition on February 11, 2021. [R. 423.] The Court acknowledges its duty to review Mr. Money's filings under a more lenient standard than the one applied to attorneys because Mr. Money is proceeding *pro se*.[1] *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). Mr. Money begins his objections by stating that he "objects to the Recommended Disposition [DE 415] in its entirety…" [R. 423.] This objection, given its overly broad and general nature, is not specific enough to merit de novo review of any portion of Mr. Money's motion. *See Howard*, 932 F.2d at 509. However, some of Mr. Money's subsequent objections are sufficiently definite to trigger the Court's obligation to conduct a de novo review. *See* 28 U.S.C. § 636(b)(1)(C). The Court has satisfied its duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Mr. Money's objections will be **OVERRULED**.

I

Judge Atkins's Recommended Disposition accurately sets forth the factual and procedural background of this case. The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Atkins's discussion of the record into this Order.

On December 15, 2016, Mr. Money was charged with one count of conspiracy to distribute a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846; two counts of distributing methamphetamine in violation of 21

---

[1] Mr. Money does have counsel for the specific issue of failure to file an appeal, but for his other four claims he is proceeding *pro se*.

2

U.S.C. § 841; one count of possession of ammunition in violation of 18 U.S.C. § 922(g); and one count of possession of body armor in violation of 18 U.S.C. § 931(a).  [R. 1.]  The indictment was superseded [R. 91], and Mr. Money ultimately entered a guilty plea, with a plea agreement, to conspiring to distribute a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846.  [R. 186.]  On May 1, 2018, Mr. Money was sentenced to 144 months of imprisonment to be followed by five years of supervised release, which he did not appeal.  [R. 266; R. 330 at 1.]

## II

In Mr. Money's § 2255 motion, which he filed on October 31, 2019, Mr. Money asserts the following five ineffective assistance of counsel claims: (1) failure to investigate; (2) failure to request a suppression hearing; (3) failure to investigate and object to Mr. Money's career offender status; (4) failure to file an appeal; and (5) failure to challenge forfeiture.  [R. 330.]  On January 14, 2021, Judge Atkins issued a Recommended Disposition in which he thoughtfully considered each of Mr. Money's claims and determined that Mr. Money is not entitled to relief.  [R. 415.]

In his Recommended Disposition, Judge Atkins laid out the *Strickland* elements required to prevail on an ineffective assistance of counsel claim under § 2255[2] and then responded to each of Mr. Money's five ineffective assistance of counsel arguments.  *Id.* at 3.  Mr. Money's first argument was that his attorney failed to investigate the veracity of a statement made by Darla McCormick in which she accused Mr. Money of participating in the drug conspiracy.  *Id.*  Judge Atkins determined that the attorney's failure to investigate Ms. McCormick's statement, given

---

[2] To succeed on an ineffective assistance of counsel claim, a defendant must (1) "show that counsel's performance was deficient," and (2) "show that the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

3

the large amount of additional evidence demonstrating Mr. Money's participation in the conspiracy, was not sufficiently deficient or prejudicial to Mr. Money. *Id.* at 6.

Judge Atkins wrote that Mr. Money's second objection, failure to request a suppression hearing to keep out certain evidence, should fail because Mr. Money did not clearly specify what evidence he wanted suppressed. *Id.* As for the statements and evidence Mr. Money did mention in his motion, Judge Atkins found that Mr. Money failed to provide a viable legal argument as to why any of the evidence should be suppressed and that Mr. Money failed to demonstrate prejudice with respect to the claims. *Id.* at 7.

Judge Atkins broke Mr. Money's third argument, that Mr. Money's attorney failed to investigate and object to Mr. Money's career offender designation, into three subparts and carefully analyzed each one. *Id.* at 7–13. First, Mr. Money argued that his attorney failed to investigate his underlying assault convictions claim. *Id.* at 8. Judge Atkins stated that investigating the assault convictions would not have altered the outcome for two reasons: (1) Sixth Circuit caselaw supports the fact that "both convictions were properly used as predicate offenses for the career offender sentencing enhancement," and (2) to the extent Mr. Money wants to "relitigate his underlying state charges, he has not chosen the proper vehicle to raise those claims." *Id.* at 9–10. Mr. Money next argued that counsel failed to object to the classification of two second degree assault convictions as violent felonies under the career offender enhancement. *Id.* at 11. In responding to this argument, Judge Atkins cited recent Sixth Circuit precedent demonstrating that in Kentucky, "second degree assault convictions remain crimes of violence under the sentencing guidelines."[3] *Id.* at 11. Finally, Mr. Money argued that his assault convictions cannot serve as predicate offenses after *Johnson v. United States*, 576 U.S. 591

---

[3] The Sixth Circuit recently affirmed that second-degree assault in Kentucky qualifies as a crime of violence under USSG § 4B1.2. *See United States v. McBride*, No. 20-5135, 2020 U.S. App. LEXIS 24763 (6th Cir. Aug. 5, 2020).

4

(2015).  However, Judge Atkins found that this argument failed because Mr. Money was sentenced as a career offender, not under the Armed Career Criminal Act, and his convictions are defined as crimes of violence under the elements clause of U.S.S.G. 4B1.2 instead of the residual clause.  *Id.* at 13.

Mr. Money's fourth argument was that his counsel failed to file an appeal after Mr. Money had instructed him to do so.  [R. 336 at 9–10.]  Here, after carefully weighing the evidence in light of the *Roe v. Flores-Ortega* factors,[4] Judge Atkins found that Mr. Money had failed to establish by a preponderance of evidence that his attorney "provided constitutionally deficient assistance by failing to file a notice of appeal." [R. 415 at 17.]  Judge Atkins looked particularly at evidence from Mr. Money and his attorney that came out during the evidentiary hearing as well as a letter Mr. Money wrote his attorney following the guilty plea in which Mr. Money stated that he believed he had received a fair sentence.  *Id.* at 16.

Judge Atkins found that Mr. Money's final argument, that counsel failed to challenge a forfeiture claim, should not stand because it had no factual basis.  *Id.* at 18.  Thus, Judge Atkins recommended that Mr. Money's requests for additional relief be denied.  Judge Atkins also recommended that no certificates of appealability issue except on the sole issue of whether Mr. Money instructed counsel to file an appeal.  *Id.* at 19.  We now turn to Mr. Money's specific objections to the Report and Recommendation, which he filed on February 11, 2021.  [R. 423.]

### A

Mr. Money's first specific objection to the Recommended Disposition is that Judge Atkins improperly decided the issue of whether Mr. Money directed counsel to perfect a direct appeal.  [R. 423 at 2.]  Mr. Money argues that the proof demonstrates that Mr. Money's counsel

---

[4] The *Roe v. Flores-Ortega* factors are laid out and discussed in Part II.A. below.

failed to comply with Mr. Money's appeal instructions, or, at the very least, that counsel and Mr. Money's interaction "regarding the filing of an appeal was not objectively reasonable." *Id.* at 3.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court provided the test for assessing ineffective assistance of counsel claims in the failure to file a notice of appeal context. *Roe* sets out the following three-part sequential analysis: (1) the court must determine whether the defendant provided counsel with express instructions regarding an appeal; (2) if the court finds that the defendant did not provide express instructions, it must then determine whether counsel consulted with the defendant regarding an appeal; (3) if there was no consultation, then the court must decide whether the failure to consult was objectively unreasonable given the totality of the circumstances. *Id.* at 477–80.

The parties do not contest that in the ineffective assistance of counsel context, "the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment." *Campbell v. United States*, 686 F.3d 353, 358 (6th Cir. 2012) (quoting *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998)). However, at issue here is whether Mr. Money expressly instructed his counsel to file a notice of appeal, and if not, "consider whether counsel's interaction with his or her client is objectively reasonable based upon the facts of the case under review." *Teague v. United States*, 2009 WL 35227, at *3 (E.D. Tenn. Jan. 5, 2009).

The exact timing of when Mr. Money purportedly instructed that his attorney file an appeal on his behalf is unclear from Mr. Money's testimony and filings. At the evidentiary hearing, Mr. Money testified that he told his attorney Mr. Payne that he wanted to file an appeal when he signed his plea agreement. [Recording of Evidentiary Hearing at 9:40-10:10; 11:45-12:00.] In his Objections to the Recommended Disposition, Mr. Money stated both that he told

6

his counsel he wanted to file an appeal "after his sentencing hearing" [R. 423 at 4] and when he "agreed to change his plea." [R. 423-1 at 3.] However, during the evidentiary hearing, Mr. Money specifically testified that he did *not* speak with his attorney about filing an appeal after sentencing. [Record of Evidentiary Hearing at 10:10-11:11.] These contradictions cast doubt on the veracity of Mr. Money's testimony.

Further, the idea that Mr. Money would have asked his attorney to file an appeal when he changed his plea strains credulity. Mr. Money's Plea Agreement, which he signed, states that the only appeal right available to him, apart from claims of ineffective assistance of counsel, is the ability to directly appeal his sentence.[5] [R. 186 at 3.] If Mr. Money asked his attorney to file an appeal when he signed his plea agreement, this would have meant that Mr. Money was asking his attorney to appeal a sentence that he had not yet received.

Mr. Payne, the attorney for Mr. Money, testified that he discussed Mr. Money's plea agreement with him, including his rights on appeal, but Mr. Money did not request that he file an appeal at that time. [R. 415 at 15; Rec. 29:40-30:40; Rec. 25:10-25:51.] Mr. Payne further testified that he spoke with Mr. Money after the sentencing, and Mr. Money stated that he believed he received a fair sentence and did not want to file an appeal. [Rec. 24:30-25:10.] Mr. Payne's testimony is bolstered by the fact that Mr. Money wrote a letter to Mr. Payne after sentencing thanking Mr. Payne for the job that he did and stating "[a]fter all was said and done, I got a fair sentence." [R. 350-1 at 4–5.] "A petitioner's self-serving statements in an affidavit that are contradicted by a credible version of events in an affidavit from his trial counsel may be incredible as a matter of law." *United States v. Walls*, 2008 WL 927926, at *12 (E.D. Ky. Apr. 4, 2008); *see also Cummings v. United States*, 84 F. App'x 603, 604-05 (6th Cir. 2003) (holding

---

[5] Mr. Money testified that he signed his plea agreement [Rec. 12:38-12:54], and although Mr. Money can read and write, Mr. Payne testified that he read the entire agreement to Mr. Money. [Rec. 20:20-22:34.]

that a district court may credit counsel's affidavit insofar as it indicates the client did not ask him to file an appeal). While the statements in question here were made in open court instead of in an affidavit, the fact remains that Mr. Payne's version of the events, particularly given Mr. Money's letter, demonstrate that Mr. Money did not give his attorney express instructions to file an appeal.

Under the second prong of *Roe*, all that is required for consultation to occur is that the attorney "advis[es] the defendant about the advantages and disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes." *Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003) (quoting *Roe*, 528 U.S. at 479). If consultation occurs, then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* If, however, counsel fails to consult with his client, then the district court must determine whether the failure to consult alone indicates deficient performance. *Id.*

Mr. Money argues that there was a lack of effective communication between him and his attorney, which demonstrates that communication "concerning appeal was not objectively reasonable." [R. 423 at 5.] Mr. Money argues that because Mr. Payne did not discuss numerous issues with Mr. Money, his "lack of effective communication…carried over to the failure of [Mr.] Money's counsel to comply with his expressed desire to appeal." [R. 423 at 4.] However, Mr. Money's propensity argument, that alleged failure to discuss certain topics means there was failure to discuss an appeal, fails. Mr. Money and Mr. Payne testified that they discussed Mr. Money's appeal rights while reviewing the plea agreement. [Rec. 9:10-10:10; 29:40-30:40; 24:15-24:51.] Further, Mr. Payne testified that he discussed Mr. Money's wishes pertaining to the appeal after the sentencing hearing. [Rec. 24:30-25:10.] Mr. Payne testified that it was his

8

understanding after discussion with Mr. Money that it was Mr. Money's express instructions that he did not wish to file an appeal.[6] *Id.*

Mr. Money has failed to establish by a preponderance of evidence that Mr. Payne provided constitutionally deficient assistance of counsel by failing to file a notice of appeal. Since Mr. Money has failed to establish the deficient performance prong of *Strickland*, there is no need to proceed to the prejudice prong. 466 U.S. at 697. Mr. Money's first objection is overruled.

## B

Next, Mr. Money objects to Judge Atkins's finding that counsel was not ineffective for failing to investigate and object to Mr. Money's career offender designation. However, in making this argument, Mr. Money merely repeats his previous argument and once again cites *United States v. Burris*, 912 F.3d 386, 390 (6th Cir. 2019). [R. 423 3–4.] However, Mr. Money does not respond or otherwise attempt to refute Judge Atkins's two-page analysis demonstrating why *Burris* does not change Mr. Money's career offender status. [*see* R. 415 at 11–12.] Mere repetition of a previous argument does not constitute a properly specific objection: for an objection to qualify as specific, it must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert*, 507 F.3d at 994. Mr. Money fails to do so here, and therefore Mr. Money's argument fails.

---

[6] Further weaking Mr. Money's argument is the fact that during the evidentiary hearing Mr. Money affirmed that he and Mr. Payne discussed Mr. Money's criminal history, disability, and the career offender enhancement, and Mr. Payne testified that he and Mr. Money discussed discovery matters, the career offender designation, and the general mechanics of criminal history calculation. [Rec. 3:30-8:17; 27:15-28:00.] In addition, as discussed above, Mr. Money wrote Mr. Payne a letter following the sentencing thanking Mr. Payne for his representation and writing that Mr. Money felt he received a fair sentence. [R. 350-1 at 4–5.] This evidence does not support Mr. Payne's later assertions that Mr. Payne "done [sic] no investigation, Payne applied no effort to do any of the things money asked him to do." [R. 423-1 at 3.] While in hindsight there may be additional issues that Mr. Money would have wanted to discuss with his attorney, the evidence does not support a finding that Mr. Payne failed to comply with an express or implied desire to appeal.

In the objection, Mr. Money also cites to *United States v. Havis*, F.3d 382, 386 (6th Cir. 2019), in an attempt to argue that counsel should have objected to his career offender designation. [R. 423 3–4.] However, *Havis* was decided after Mr. Money was sentenced and "has not been made retroactive to cases on collateral review, including motions to vacate sentence." *Cain v. United States*, 2020 WL 3513417, at *3 (E.D. Tenn. June 29, 2020) (citing *Church v. United States*, 2020 WL 1703864, at *10 (M.D. Tenn. Apr. 8, 2020)). Because *Havis* is not retroactive, and Mr. Money was sentenced before *Havis* was decided, Mr. Money cannot rely upon it now.

Ultimately, Mr. Money has failed to show that he suffered prejudice from Mr. Payne's failure to object to Mr. Money's predicate offense convictions because the second-degree assault convictions support a career offender enhancement under the guidelines. *See United States v. McBride*, No. 20-5135, 2020 U.S. App. LEXIS 24763, at *8 (6th Cir. Aug. 5, 2020). Therefore, Mr. Money's second objection is overruled.[7]

## C

Mr. Money's remaining objections likewise lack merit and will be overruled. Mr. Money essentially repeats the same arguments that he has made previously: that his attorney failed to investigate witness statements, failed to request a suppression hearing, and failed to challenge forfeiture claim. [R. 423-1 at 2–3.] General objections that fail to identify specific factual or legal issues from the recommended disposition are not permitted, since they duplicate the

---

[7] Mr. Money did not object to Judge Atkins' discussion of Mr. Money's *Johnson* claim or Judge Atkins's analysis of why Mr. Money's underlying assault convictions were properly used as predicate offenses for the career offender sentencing enhancement. [R. 415 at 8–10, 13.] Therefore, because there are no specific objections to these arguments, the Court need not address them. *See generally Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Magistrate's efforts and waste judicial economy. *See Howard*, 932 F.2d at 509. However, the Court will briefly address each remaining objection.

a

Regarding the failure to investigate witness statements argument, "a claim of counsel's failure to investigate 'must allege with specificity what the investigation would have revealed and how it would have altered the outcome.'" *United States v. Sexton*, 2020 WL 2844950, at *2 (E.D. Ky. Feb. 24, 2020) (quoting *United States v. Hassan*, 2014 WL 5361942, at *5 (E.D. Mich. Oct. 21, 2014)). Here, Mr. Money argues that certain statements by Darla McCormick and Jennifer Frazier were either not true or lacked credibility because of a conflict of interest. [R. 423-1 at 2.] However, Mr. Money does not contest or respond to Judge Atkins' finding that counsel's decision not to investigate the witness statements was reasonable given the additional evidence against Mr. Money. [R. 415 at 4–6.] Law enforcement officers conduct two controlled methamphetamine purchases from Mr. Money in March of 2016. [R. 405 at 6.] Additionally, law enforcement seized ten and a half grams of methamphetamine from Mr. Money during a traffic stop on March 20, 2016, and less than three months later, law enforcement conducted another traffic stop on Mr. Money in which they found forty-two grams of methamphetamine, several small bags, digital scales, and a syringe. *Id.* Mr. Money later admitted to receiving methamphetamine from Mr. McCormick Sr. in "user quantities," and statements by other conspirators confirmed Mr. Money's involvement in the distribution of the methamphetamine. *Id.* at 10. Therefore, given the significant additional evidence, Mr. Money has failed to show how investigations into the statements of Ms. McCormick and Ms. Frazier would have "altered the outcome" of his case. *United States v. Sexton*, 2020 WL 2844950, at *2.

**b**

Mr. Money's argument that his counsel failed to request a suppression hearing is likewise without merit. Mr. Money repeats his argument that statements by Ms. McCormick and Ms. Frazier should have been suppressed, as well as repeating that there were no lab results, that the "chain of custody [was] broken" and there were no "evidence forms." [R. 423-1 at 2.] To succeed on a deficient performance for failure to file a suppression motion claim, Mr. Money must show that failing to file the motion was so plain that "no competent attorney would think a motion to suppress would have failed." *Hendrix v. Palmer*, 893 F.3d 906, 922 (6th Cir. 2018) (quoting *Premo v. Moore*, 562 U.S. 115, 124 (2011)). Mr. Money would have to demonstrate that there was no reasonable strategic rationale for not filing the suppression motion. *Id.* (citing *Davis v. Lafler*, 658 F.3d 525, 537 (6th Cir. 2011)).

Here, Mr. Money's bare assertions that the statements were false or that the chain of custody was incomplete does not satisfy the "no competent attorney" standard. *Id.* Such conclusory statements, without more, are not legally sufficient to support a § 2255 motion to vacate. *See Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (holding allegations that are unsupported by facts are not legally sufficient to support a motion to vacate). Therefore, this claim does not stand.

**c**

Mr. Money's final argument, failure to challenge forfeiture, likewise does not stand. Mr. Money makes several allegations, including that he "can only assume" that a "rogue cop" confiscated his camper, confiscated $850, and stole $250. [R. 423-1 at 3.] Mr. Money also calls on this court to investigate "ex-det[ective] Back." [R. 336 at 11.] However, as Judge Atkins stated, the factual basis does not support Mr. Money's allegations that law enforcement seized or

12

"stole" these items from Mr. Money. *See Spencer v. United States*, 1994 WL 696100, at *2 (6th Cir. 1994) (holding that a claim for ineffective assistance lacking a factual basis must fail); *Short*, 504 F.2d at 65 (holding allegations unsupported by facts cannot legally support a motion to vacate).

Mr. Money previously stated that he raised the matter of the money and camper with Judge Skip Hammons, who ordered that Mr. Money could return to his camper and retrieve any personal items. [R. 336 at 13.] Mr. Money now states that this is "not a state issue," but he does not provide a basis to support either that this matter is not a state issue or that his camper or money were "stolen" from him. [R. 423-1 at 3.] To the extent that Mr. Money originally raised the matter of the alleged confiscation and theft with Judge Hammons and not this Court, Mr. Money has not chosen the appropriate venue to litigate this matter further. *Johnson v. United States*, 2015 WL 6040306, at *3 (W.D. Mich. Oct. 15, 2015) ("A federal habeas action is not designed to remedy violations in a separate state court action.").

Furthermore, because this contention appears to relate to forfeiture of assets (Mr. Money's desire to reclaim his camper and money) and is not a challenge to Mr. Money's sentence itself, this claim is not appropriate for habeas review.[8] *See Johnson v. Turner*, 2015 WL 3967673, at *15 (N.D. Ohio June 30, 2015) (holding that a challenge to the forfeiture of assets is not a challenge to the legality of custody and therefore is not cognizable under federal habeas review). Mr. Money also has not asserted a legal or factual basis on which the Court should conduct an investigation into "ex-det[ective] Back." [R. 336 at 11.] Therefore, because this argument lacks factual basis and is inappropriate under habeas review, the claim of failure to challenge forfeiture must fail.

---

[8] Mr. Money's original contention was worded as "Counsel failed to assist petitioner" in the matters pertaining to the confiscated cash and property. [R. 336 at 11.]

13

**D**

The final issue is whether a certificate of appealability should issue as to any of Mr. Money's claims. A certificate of appealability may issue where the movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). It is the reviewing court's role to indicate what specific issues satisfy the "substantial showing" requirement. 28 U.S.C. §2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005).

Although Judge Atkins determined that Mr. Money did not ask his counsel to file an appeal, he determined that a reasonable jurist could interpret the record and the testimony differently. [415 at 19.] Therefore, Judge Atkins determined that the certificate of appealability should issue as to only one matter: whether Mr. Money instructed his counsel to file an appeal. *Id.* Mr. Money did not object to Judge Atkins' recommendation, and the Court having reviewed the record and filings agrees that the only issue for which a certificate of appealability should issue is the filing of an appeal.

**III**

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Judge Atkins' Recommended Disposition **[R. 415]** is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Money's motion to vacate his sentence under § 2255 **[R. 330]** is **DENIED WITH PREJUDICE**;

3. Mr. Money's requests for additional relief are **DENIED**; and

4. A Certificate of Appealability is **ISSUED** as to the limited issue of whether Mr. Money instructed his counsel to file an appeal.

This the 22nd day of March, 2021.

Gregory F. Van Tatenhove
United States District Judge